No. 83-213

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

---

ELK RUN RANCH, a Mont. Corp.,

       Plaintiff and Respondent,

  -vs-

GREEN LINE IMPLEMENT COMPANY,
a Mont. Corp.,

       Defendant and Appellant.

---

APPEAL FROM: District Court of the Eighth Judicial District,
In and for the County of Choteau,
The Honorable John M. McCarvel, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Jardine, Stephenson, Blewett & Weaver, Great
Falls, Montana

    For Respondent:

        Scott, Linnell & Newhall; William M. Scott,
Great Falls, Montana
Charles M. Cruikshank, co-counsel, Great Falls,
Montana

---

Submitted on Briefs: July 21, 1983

Decided: August 25, 1983

Filed: AUG 2 5 1983

*Ethel M. Harrison*
—————————————————————————
Clerk

Mr. Justice Frank B. Morrison, Jr. delivered the Opinion of the Court.

Green Line Implement Company (Green Line) appeals the district court denial of its motion to set aside a default judgment. We affirm.

Plaintiff and Respondent, Elk Run Ranch filed an action against defendant and appellant, Green Line, on September 27, 1982, to recover damages arising from Green Line's alleged failure to perform certain maintenance work on a tractor owned by Elk Run Ranch. The suit was initiated by service of complaint and summons together with an amended complaint.

Service was made on Green Line's registered agent, Brooks Robinson. Mr. Robinson delivered the process to Rudolf Harms, Secretary-Treasurer of Green Line. Mr. Harms did not take action on the matter due in part to the deaths of his parents. Mr. Harms apparently assumed that Howard Axtman, Green Line's office manager would take care of the matter, as Elk Run Ranch's attorneys had dealt exclusively with Mr. Axtman in the past. No action was taken on the complaint.

On November 12, 1982, default judgment was entered against Green Line. Neither Green Line nor any of its agents received <u>actual</u> notice of the default judgment until more than 60 days had elapsed after entry of judgment. When the statutory time for challenge to the default judgment had lapsed, Elk Run Ranch levied on the judgment by Writ of Execution served January 21, 1983.

On March 10, 1983, Green Line filed a motion to set aside the default judgment pursuant to Rule 60(b), M.R.Civ.P. The motion was not heard within 10 days and so was deemed denied by operation of law under Rule 59(d), M.R.Civ.P.

2

Green Line argues that the default judgment should be set aside (1) because the District Court lacked personal jurisdiction due to improper service of process and (2) because Green Line's default was due to excusable neglect of its agents.

Green Line first argues that the District Court lacked personal jurisdiction over Green Line due to deficiencies in the service of process. This argument is without merit.

Elk Run Ranch filed its complaint on September 27, 1982. The clerk of court issued a summons on the same date. On October 8, 1982 the complaint and summons were properly served on Green Line's registered agent pursuant to Rules 4C and 4D(2)(a) M.R.Civ.P. Green Line's only challenge to the service of process is that an amended complaint was simultaneously served, that the amended complaint was not accompanied by a separate summons, and that the amended complaint was not filed before service.

Since the case was properly initiated by the filing of the complaint and service of process, the only question is whether the amendment was made properly. It makes no difference whether the amended complaint was served with the original process or at a later time.

Rule 4C(1) does not require that a summons be served with an amendment. Service of the amended complaint is governed by Rule 5 M.R.Civ.P., which requires service on a party or his attorney by several methods including "by delivering a copy to him." Rule 5(b) M.R.Civ.P. The amended complaint was so served.

The propriety of service before filing is governed by Rule 5(d):

> "Filing. All papers after the complaint required to be served upon a party shall be filed with the

court either before service or within a reasonable time thereafter." (emphasis added).

Thus all service and filing requirements of Rules 4 and 5 were properly met by Elk Run Ranch and the Clerk of Court. The District Court thereby acquired personal jurisdiction over the defendant Green Line.

Green Line next contends that the District Court should have granted the motion that the default judgment be set aside on grounds of excusable neglect.

Rule 60(b) M.R.Civ.P. provides that a party may be relieved from a final judgment for "(1)...excusable neglect." However, a motion for such relief "shall be made within a reasonable time, and for reasons (1), (2), and (3) when a defendant has been personally served, whether in lieu of publication or not, not more than 60 days after the judgment, order or proceeding was entered..." Rule 60(b) M.R.Civ.P.

Although Green Line may state a case of excusable neglect, the motion for relief under Rule 60(b) was not made until March 10, 1983, some 118 days after judgment was entered. The motion is therefore barred.

Green Line argues that Elk Run Ranch is in no position to raise the 60-day limit since they waited for the expiration of the 60 days before attempting to levy on the judgment. While we recognize the inequity of permitting a plaintiff to passively participate in securing a windfall default judgment resulting from the excusable neglect of a defendant, Rule 60(b) leaves no room for interpretation. A motion to set aside a default judgment must be made within 60 days. Though the rule may lead to harsh and inequitable results, it must be applied until its language is properly changed.

4

The judgment of the district court is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

5